# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.B. and E.B.**

**No. 25-267** (Wood County CC-54-2024-JA-186 and CC-54-2024-JA-222)

## MEMORANDUM DECISION

Petitioner Mother R.H.[1] appeals the Circuit Court of Wood County's March 28, 2025, order terminating her parental rights to J.B. and E.B., arguing that the court erred in denying her motion for a post-adjudicatory improvement period and subsequently terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in July 2024 alleging that the petitioner allowed J.B.'s father, whose parental rights had been terminated, to stay in the home and that domestic violence and drug use occurred while J.B. was present.[3] Further, the DHS alleged that the petitioner was named in a previous abuse and neglect case involving J.B. in 2023, and that her parental rights to another child were involuntarily terminated in 2019. The DHS alleged that the 2023 case also involved domestic violence, but because the petitioner successfully completed a post-adjudicatory improvement period, J.B. was returned to her care. However, the father's parental rights were terminated, and the petitioner acknowledged that she had been ordered by the court not to allow contact between J.B. and the father. The DHS alleged that shortly after the father's termination, the petitioner nevertheless allowed him to return to the home, where he overdosed in July 2024 while J.B. was present, requiring the petitioner to administer five doses of Narcan. After the father was released from the hospital, he returned to the home and physically attacked the petitioner while J.B. was present. Further, it was alleged that the petitioner admitted she knew the father was not allowed to have contact with J.B. but claimed she only let the father sleep on the porch and keep his items in the home, but that he had broken in when he overdosed. The petitioner also stated that the father attacked her, she was seven months pregnant with the father's child, and she would test positive for THC if drug tested.

---

[1] The petitioner appears by counsel Ryan M. Ruth. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Keith White appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] At the time of filing of the initial petition, E.B. was not yet born.

In September 2024, the circuit court held an adjudicatory hearing during which the petitioner stipulated to all allegations in the petition. In October 2024, after the birth of E.B., the DHS filed an amended petition which included allegations that the petitioner tested positive for THC upon admission to the hospital.[4] The petitioner filed a motion for a post-adjudicatory improvement period, and the court heard the motion in January 2025. The petitioner testified that she had obtained a restraining order against the father, re-enrolled in an outpatient substance abuse program and therapy, and would participate in all terms of an improvement period. The petitioner also testified that she knew J.B. was not to be around the father but continued to be in a relationship with the father and allowed him to stay at the home. The DHS opposed the petitioner's motion, arguing that she previously participated in an improvement period in the 2023 case, and there were no additional services to offer. The DHS further argued that, despite completing her previous improvement period, the petitioner continued to permit the father to be around the child. The court found that the petitioner was given a full improvement period in the previous case yet still allowed the father to move into the home almost immediately following his termination and lied to the DHS about allowing him to stay in the home. Therefore, the court denied the petitioner's motion for a post-adjudicatory improvement period.

The circuit court held a dispositional hearing in February 2025, during which it took judicial notice of the entire record, reports, and the petitioner's previous testimony without objection. The court found that the petitioner knowingly permitted the father to move back into the home shortly after his parental rights to J.B. were terminated, despite being prohibited from doing so, and lied to the DHS. Further, the court found that the petitioner did not learn from her previous improvement period, and made no actual change as evidenced by J.B.'s continued exposure to the father. Ultimately, the court found that there was no reasonable likelihood that the petitioner could correct the conditions of neglect and abuse in the near future and that termination was necessary for the children's welfare. Accordingly, the court terminated the petitioner's parental rights to J.B. and E.B.[5] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Under West Virginia Code § 49-4-610(2)(B), a parent may be granted an improvement period if they "demonstrate[], by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." However, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely). Ample evidence supports the circuit court's finding that no improvement was likely for the petitioner. Despite completing an improvement period in the prior

---

[4] The circuit court held a second adjudicatory hearing, and the petitioner stipulated to all allegations in the amended petition.

[5] E.B.'s father's rights were also terminated. The permanency plan for the children is adoption by their current placement.

case, the petitioner almost immediately allowed the father, whose rights to J.B. were terminated, to move back into the home. Further, the father's presence in the home resulted in domestic violence in front of the child, an issue that was present in the 2023 proceedings. As such, we conclude that the circuit court did not err in denying the petitioner's motion for a post-adjudicatory improvement period.

Additionally, the petitioner argues that the circuit court erred by terminating her parental rights. It is well established that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Under West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [her] own or with help." As described above, the court had sufficient evidence to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future, as the petitioner continued to allow the father to live in the home following the termination of his parental rights, resulting in domestic violence and drug use while J.B. was in the home. Further, the court found that the petitioner only went through the motions of the previous improvement period but did not make any actual changes. Notably, we have held that "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (quoting *W. Va. Dep't of Human Serv. v. Peggy F.*, 184 W. Va. 60, 64, 399 S.E.2d 460, 464 (1990)). In addition, the circuit court found that termination of the petitioner's parental rights was necessary for the children's welfare, a finding the petitioner does not challenge on appeal. Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Thus, we decline to disturb the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 28, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3